IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMGUARD INSURANCE COMPANY :
:
v. : Civil No. CCB-18-3885
:
CARLA A. ORTIZ, *et al.* :

## MEMORANDUM

There are two pending motions in this statutory interpleader insurance case which has been filed, along with a pending action in tort (CCB-18-cv-3230), in the aftermath of a deadly multi-vehicle accident that occurred on Interstate 95 in Harford County, Maryland. (Compl. ¶ 21.) One of the vehicles involved was a tractor trailer operated by Ben Strong Trucking ("Strong") and its then-employee John Oliver Terry, Jr. Strong was insured under an automobile liability insurance policy issued by AmGUARD Insurance ("Amguard"). (Compl. ¶ 20.) In the first motion, Amguard seeks the court's permission to deposit the aggregate limit of the applicable insurance policy it issued to Strong, $1,000,000, with the court because "claims will likely exceed" that limit and Amguard is "unable to determine how the proceeds of the Policy should be divided among the Defendants." (ECF No. 2 at p. 2.) The policy is No. NCFR 902718. Three defendants have responded to this motion, lodging no objections to Amguard's deposit request but asking the court to permit discovery as to the existence of additional coverage. (ECF Nos. 41-42, 45.) Amguard's original motion made no mention of discovery and Amguard has not replied to the defendants' request that discovery into further coverage not be foreclosed at this juncture. Amguard's motion for permission to deposit funds into the court's registry will

1

therefore be GRANTED, but it does not affect the scope of discovery. Matters pertaining to the value of claims asserted in this action, attorney's fees, and costs are premature.

Secondly, a subset of individual defendants filed a partial motion for dismissal, seeking to preclude Amguard's requested relief beyond (1) requiring the defendants to interplead and settle their respective rights to the insurance proceeds, (2) allowing Amguard to be discharged from its duty to indemnify Strong, and (3) allowing the requested deposit into the court's registry. (ECF No. 37.) Amguard issued a rejoinder (ECF No. 54) stating that it will continue to defend under the policy and that it merely seeks an order restraining other claims against the policy. (*Id.* at pp. 3-4.) Ms. Ortiz has not filed a Reply and it appears the parties agree that Amguard's duty to indemnify will be discharged by the deposit but that Amguard maintains an ongoing duty to defend the insured parties. The defendants do not seek dismissal of the relief sought under paragraphs (C), (D), (F). They do, however, object to Amguard's request that the defendants be enjoined from (A) proceeding against Strong, Mr. Terry and/or Amguard for other claims arising out of the June 18, 2018 accident, (B) precluding Defendant J. L. from instituting new claims against said defendants while this action is pending, and (E) precluding the defendants from new claims against the policy after this matter is resolved. While Amguard affirms that its primary purpose is to deposit the funds, it does state that "[s]econdarily, Amguard seeks protections for its insureds, [Strong and Mr. Terry], if possible, as Ben Strong is no longer operating, has no assets, and has no excess policy, umbrella policy, or other insurance other than" the policy at issue here. ECF No. 54 at 3. At this stage of the case it is too early to assess matters beyond the deposit and the seemingly agreed-upon consequence of the deposit that Amguard's duty to indemnify under the policy will be discharged. To the extent that the plaintiff seeks further relief or preclusive effect at this time, such requests are premature. Similarly, it is

2

too early to assess whether the policy at issue here is the only source of relief for the defendants or other claimants in this case. Therefore, the defendants' partial motion to dismiss will be DENIED without prejudice.

Two separate orders follow.

6/4/19
Date

/s/ Catherine C. Blake
Catherine C. Blake
United States District Judge