IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Amguard Insurance Company | * | |
| | * | |
| v. | * | Civil Action No. 18-3885 |
| | * | |
| Carla A. Ortiz, *et al.* | * | |

**MEMORANDUM**

This is an interpleader action brought by AmGUARD Insurance Company and arising from a motor vehicle accident in June 2018. Now pending are Paul and Angela Manion and Cierra Lashae Rice-Wilder's motions for leave to file cross-claims, motions for leave to file third-party complaints, and amended motions for leave to file an amended complaint for joinder of third parties (ECF 105, 106, 107, 108, 112, 116); Bowman's motion to vacate the order of default against it (ECF 114); Maryland Transportation Authority's motion to dismiss (ECF 124); Cowan Systems, LLC's motion to consolidate cases (ECF 126); Carla Ortiz's motion to enforce disbursement (ECF 127) and motion to seal (ECF 128), and AmGUARD's motion to dismiss (ECF 134). The motions have been briefed and oral argument was held on June 16, 2020.[1]

**FACTS**

On June 18, 2018, John Oliver Terry, Jr., an employee of Ben Strong Trucking, Inc., was driving a tractor trailer owned by Alliance Trucking and Logistics LLC ("Alliance Trucking"), and was towing a semi trailer owned by Bowman Sales and Equipment, Inc. ("Bowman") and filled with a load owned by Cowan Systems, LLC. (Compl. ¶¶ 21, 22). Terry was involved in a multi-vehicle motor vehicle accident while driving on Interstate 95 in Harford County, Maryland. (*Id.* ¶ 21). Terry first struck Carla Ortiz's car, in which Ortiz's minor daughter, J.L., was a passenger; Ortiz's car then struck Paul Michael Manion and Angela Cheryl Manion's car, in which their child

---

[1] AmGUARD's motion to strike Bowman's answer (ECF 119) has been withdrawn (ECF 149).

M.M. was a passenger; Ortiz's car then struck Cierra Lashae Rice-Wilder's car; and Rice-Wilder's car then struck a tractor trailer being driven by Bruce J. Hurst and also occupied by Lateesah Renee Whitley.  (*Id.* ¶¶ 23–25).  The tractor trailer driven by Hurst was owned by New Horizon Leasing, Inc. and was towing a semi-trailer owned by Western Express, Inc.  (*Id.* ¶ 25).  Some or all of the individuals involved in the accident sustained personal injuries and/or property damage, and M.M. was killed.  (*Id.* ¶ 26).

On October 17, 2018, Carla Ortiz, individually and on behalf of J.L., who sustained severe and debilitating injuries, filed a complaint against Ben Strong Trucking, Inc.; Alliance Trucking; John Oliver Terry, Jr.; Bowman; Cowan Systems, Inc.; Cowan Systems, LLC; and Cowan Systems Transportation, LLC, relating to the motor vehicle accident.[2]  (Case No. CCB-18-3230, ECF 1, Compl.).  It is not clear exactly which of the Cowan entities were involved in the shipment that John Oliver Terry and Ben Strong Trucking were hauling.  (Case No. CCB-18-3230, ECF 26, Memorandum at 8).[3]

AmGUARD issued a policy of automobile liability insurance to Ben Strong Trucking, which provided an aggregate per occurrence policy limit of one million dollars.  (Compl. ¶ 20).   Because AmGUARD has received and/or expects to receive claims that will likely exceed the one million dollar aggregate limit of the policy, (*id.* ¶ 31), it filed this complaint of interpleader against the claimants and potential claimants: Carla Ortiz; Paul Michael Manion; Angela Cheryl Manion; Cierra Lashae Rice-Wilder; Bruce J. Hurst; Lateesah Renee Whitley; Bowman; Alliance Trucking; Western Express, Inc.; New Horizons Leasing, Inc.; Cowan Systems, LLC; Cowan Systems, Inc.;

---

[2] Cowan Systems, Inc.; Cowan Systems, LLC; and Cowan Systems Transportation, LLC are referred to collectively as the "Cowan entities."

[3] Ortiz alleged negligence, negligent hiring, negligent hiring (broker liability), negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), and requested punitive damages.  (Case No. CCB-18-3230, Compl.).  On June 14, 2019, the court dismissed the NIED and IIED claims, and the claim for punitive damages. (Case No. CCB-18-3230, ECF 26, Memorandum; ECF 27, Order).

Aetna Life Insurance Company (which provided AmGUARD a notice of subrogation of medical claims paid on behalf of Ortiz and J.L.); and the Maryland Transportation Authority ("MTA") (which provided AmGUARD notice of a claim for services rendered and repairs made). (*Id.* ¶¶ 27–31). AmGUARD brings this complaint pursuant to 28 U.S.C. § 1335 (statutory interpleader) and Federal Rule of Civil Procedure 22, requesting that it deposit the one million dollars in the court's registry for determination, by the court, as to the distribution among the various claimants. AmGUARD's motion for interpleader deposit was granted on June 4, 2019, and AmGUARD deposited one million dollars into the court's registry. (ECF 90, ECF 91).

On March 12, 2019, the clerk of the court entered default as to New Horizon Leasing and Western Express (ECF 60, 61), to which they have not responded. Bruce Hurst and Alliance Trucking were served on July 18, 2019, (ECF 98), but neither has filed an answer or otherwise appeared in this action.[4]

## DISCUSSION

### I. **AmGUARD's Motion to Dismiss**

A statutory interpleader case normally proceeds in a two-step process. "During the first stage, courts determine whether the action is appropriate and whether the stakeholder is entitled to bring the action. During the second stage, courts determine the rights of the competing claimants to the property or fund." *In re Paysage Bords De Seine, 1879 Unsigned Oil Painting on Linen by Pierre-Auguste Renoir*, 991 F. Supp. 2d 740, 743 (E.D. Va. 2014).

This interpleader action is appropriate. "The propriety of interpleader depends on whether the stakeholder 'legitimately fears' multiple litigation over a single fund. The Court considers

---

[4] The court granted AmGUARD's motion for alternative service upon Hurst and Alliance Trucking on May 23, 2019. (ECF 83).

whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader." *Mut. of Am. Life Ins. Co. v. Smith*, No. CV DKC 16-1125, 2018 WL 3209376, at *2 (D. Md. June 29, 2018)[5] (quoting *Metro. Life Ins. Co. v. Vines*, No. WDQ-10-2809, 2011 WL 2133340, at *2 (D. Md. May 25, 2011)). Here, the Cowan entities and Bowman appear to challenge factors 4 and 5.

AmGUARD is threatened with multiple liability, as the existing and proposed claims against AmGUARD's insureds seek damages exceeding the $1 million dollar policy limit. This is similar to the situation in *State Farm Fire & Cas. Co. v. Tashire*, also arising from a motor vehicle accident, in which the Supreme Court found interpleader appropriate. 386 U.S. 523, 533 (1967) ("Were an insurance company required to await reduction of claims to judgment, the first claimant to obtain such a judgment or to negotiate a settlement might appropriate all or a disproportionate slice of the fund before his fellow claimants were able to establish their claims. The difficulties such a race to judgment pose for the insurer, and the unfairness which may result to some claimants, were among the principal evils the interpleader device was intended to remedy." (internal footnotes omitted)). The Cowan entities argue that AmGUARD does not face multiple liabilities because the claimants have reached an agreement as to the disbursement of the funds. It cites to *Nash & Assocs., LLC v. Gwynn*, but that case found that interpleader was proper; rather, the subsequent agreement among the claimants as to how to disburse the funds rendered the interpleader claim moot. No. CIV. WDQ-14-0376, 2014 WL 3428933, at *4 (D. Md. July 10, 2014). Further, as discussed *infra*, it is not clear if the claimants will still wish to proceed with their agreement.

---

[5] Unreported cases are cited for the soundness of their reasoning, not for any precedential value.

Bowman and the Cowan entities also state that equitable reasons preclude the use of interpleader. First, Bowman attempts to distinguish this case from *Tashire*, stating that the *Tashire* insurer sought to obtain the release of its insured, and the court did not consider the obligation of an insurer "not to advance its own interests over that of its insured." (ECF 143, Bowman's Opp'n at 7). But the Supreme Court in *Tashire* held that the court could not prevent other liability claims against the insured from proceeding, stating that "[t]o the extent that the District Court sought to control claimants' lawsuits against the insured and other alleged tortfeasors, it exceeded the powers granted to it by the statutory scheme." 386 U.S. at 535.[6] It does not appear that the propriety of interpleader in *Tashire* turned on whether the insurer requested that its insured be released from liability, and the Supreme Court indicated that the district court had no power to stop other liability actions against the insured in any event.

Bowman and the Cowan entities also argue that AmGUARD may be separately liable to them for violating the duty to defend.[7] But even if AmGUARD is independently liable to Bowman or the Cowan entities, this does not bar the interpleader action. *See Builders & Developers Corp. v. Manassas Iron & Steel Co.,* 208 F. Supp. 485, 490–91 (D. Md. 1962) (independent liability of stakeholder to claimants does not bar statutory interpleader); *Brooks Run Coal Co. v. Waggy*, 813 F.2d 400 (Table), 1986 WL 18586, at *2 (4th Cir. 1986) (unpublished) (liability of interpleader plaintiff to claimants did not preclude interpleader jurisdiction); *J.G. Wentworth Originations, LLC v. Mobley*, No. 11-CV-1406, 2012 WL 4922862, at *6–7 (D. Md. Oct. 12, 2012) (interpleader

---

[6] Also unavailing is the Cowan entities' argument that "Amguard has no right to disburse any insurance coverage on behalf of any of its insureds without securing releases that protect them from future exposure." (ECF 138, Cowan Opp'n at 3). The Cowan entities cite nothing to support this, and it does not appear the court can grant their request that they be released from liability, as "federal courts have consistently recognized the difference, laid out in *Tashire*, between properly enjoining other actions related to insurance proceeds at issue in a federal interpleader action brought by an insurer, and improperly enjoining other actions related to the liability of the interpleader plaintiff's insured." *Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 2d 678, 701 (N.D. Iowa 2013) (and collecting cases).

[7] AmGUARD asserts it is continuing to defend its insureds and denies any violation.

5

action only shields stakeholder from certain claims relating to fund).  In any event, neither the Cowan entities nor Bowman has filed any counterclaim against AmGUARD in the 18 months that the interpleader has been pending, so it is not clear what AmGUARD's continued role in this litigation would be.[8]

Finally, Bowman argues that AmGUARD is not a disinterested stakeholder. But AmGUARD is disinterested because it makes no claim to the interpleaded funds.  *See Companion Prop. & Cas. Ins. Co. v. Apex Serv., Inc.*, 76 F. Supp. 3d 212, 215 (D.D.C. 2014); *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1349 (S.D. Fla. 2010) ("District courts addressing the first phase of an interpleader action may also determine if the stakeholder is disinterested—i.e., makes no claim to the res—and, if so, discharge it from liability and dismiss it from the action.").  To the extent Bowman argues that AmGUARD is not disinterested because it is a liability insurer for the tortfeasors, it provides no support for this argument.[9]

The Cowan entities and Bowman also object to AmGUARD's requested relief because they state it will preclude them from asserting a potential bad faith failure to defend or failure to settle claim against AmGUARD in the future. It appears the specific language in Amguard's proposed order that they take issue with is:

> AmGUARD Insurance Company is hereby released and discharged from all liability whatsoever to anyone with respect to the payment of the policy proceeds and its indemnity obligation under AmGuard Insurance Policy No. NCFR 902718; . . .

---

[8] Bowman cites to *Farinas v. Fla. Farm Bureau Gen. Ins. Co.*, 850 So. 2d 555 (Fla. Dist. Ct. App. 2003), and *Safeco Ins. Co. v. Ritz*, No. CIV.A. 03-240, 2006 WL 119991 (E.D. Ky. Jan. 12, 2006), which both relate to an insurer's good faith duty to defend and settle.  But regardless of whether AmGUARD breached any duty towards Bowman, that is not at issue in this case.

[9] Because AmGUARD does not seek a discharge of its duty to defend, *Emcasco Ins. Co. v. Davis*, 753 F. Supp. 1458 (W.D. Ark. 1990), to which the Cowan entities cite, and *Brown v. Lumbermens Mut. Cas. Co.*, 326 N.C. 387 (1990), to which Bowman cites, are inapposite.

6

> [and] all named Defendants in the above-captioned matter be and hereby are permanently enjoined and specifically restrained from instituting or prosecuting any suit, proceeding or action in any State or Federal court or other forum against AmGUARD Insurance Company arising from proceeds of the policy of insurance issued to Ben Strong Trucking, Inc., Policy No. NCFR 902718[.]

AmGUARD is entitled to a release from its indemnification obligation under the policy issued to Ben Strong Trucking and the interpleader defendants will be enjoined from "seeking to enforce against [AmGUARD] any judgment obtained against its insured, except in the interpleader proceeding itself." *Tashire*, 386 U.S. at 535.  But AmGUARD is not entitled to (and does not appear to seek) a release as to any liability arising from its duty to defend or settle.[10]  *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 264 (3d Cir. 2009) ("Thus, the normal rule is that interpleader protection does not extend to counterclaims that are not claims to the interpleaded funds"); *J.G. Wentworth Originations, LLC*, 2012 WL 4922862, at *8 (interpleader action does not bar negligent misrepresentation claim that was not a claim to the interpleaded funds).  The accompanying Order will reflect this scope of AmGUARD's release.[11]

The Manions, Rice-Wilder and Ortiz also oppose AmGUARD's motion to dismiss, arguing that it is premature to dismiss AmGUARD prior to resolving the pending motions.  This memorandum and order, however, resolves those open motions, and no other reason is provided as to why AmGUARD should not be dismissed.

### II.     Motion to Enforce Disbursement of Funds

On February 27, 2020, the bodily injured claimants (Ortiz, the Manions, Rice-Wilder, and Whitley) reached an agreement as to the disbursement of the funds in the court's registry.  The

---

[10] AmGUARD stated at oral argument that it seeks only a release regarding its indemnification obligations.
[11] Bowman and the Cowan entities ask that any ruling by this court affirmatively require AmGUARD to defend its insureds throughout the litigation.  While AmGUARD states that it will continue to defend Bowman and the Cowan entities, AmGUARD's duty to defend is not at issue in this case, and the court will not issue any ruling regarding it.  Further, the court notes that AmGUARD might have been entitled to seek attorneys' fees and costs, but has determined not to do so.

distribution of the funds was "contingent upon all parties agreeing or the Court ordering that any disbursement from the Court's registry of these funds shall act as a *pro tanto* reduction" of any future award or verdict. (ECF 127-1, Mot. at 3). Bowman and the Cowan entities refused to agree to this, and Ortiz filed the motion to enforce disbursement.[12]

The parties dispute what effect the disbursement of the funds will have on potential future verdicts and awards arising from the automobile accident. Defendants Ortiz and J.L. request that the court hold that any disbursement of funds "shall be a *pro tanto* contribution to any further award under the existing claims against any and all joint tortfeasors," (ECF 127 at 2), rather than a *pro rata* contribution. Bowman and the Cowan entities object to this, and also object to any disbursement of funds without a full release of liability for them.[13]

The *pro tanto*/*pro rata* dispute appears to turn on whether the Maryland Uniform Contribution Among Joint Tortfeasors Act applies. Md. Code Ann., Cts. & Jud. Proc. § 3-1401 *et seq*. According to Ortiz, and not contradicted by the Cowan entities or Bowman, the Act would not apply, and the disbursements would therefore be on a *pro tanto* instead of a *pro rata* basis. The court notes that the Act "provides that a release of one joint tort-feasor does not relieve the liability of other joint tort-feasors, but instead reduces the judgment against them by either the consideration paid for the release or an amount or proportion provided in the release, whichever is greater." *Mercy Med. Ctr. v. Julian*, 429 Md. 348, 356 (2012). Here, no tortfeasor is being released, so it appears that Ortiz is correct that the Act does not apply.

---

[12] Carla Ortiz filed a motion to seal the motion to enforce disbursement (ECF 128) because the motion attached a letter from counsel for the Cowan entities that was possibly confidential. Counsel for the Cowan entities responded that there was no need for the motion to be sealed. Therefore, the court will deny the motion to seal.

[13] As discussed above, the requested relief of a full release of liability in this interpleader action appears to be foreclosed by *Tashire*.

8

Notwithstanding the above, it does not appear that the court has the authority to order that the disbursement will operate as a *pro tanto* rather than *pro rata* reduction on future awards. Ortiz cites to *Builders & Developers Corp. v. Manassas Iron & Steel Co.*, 208 F. Supp. 485, as support for the court's authority to make such a ruling. But that case merely held that "all controversies regarding the fund and other claims of the parties may be decided in an action in the nature of a bill of interpleader with the salutary result of marshalling," *id.* at 490; it did not state that in marshalling the funds the court may decide the effect a disbursement will have on future judgments and awards. Ortiz provide no other authority and the court is hesitant to make any decision that would purport to be binding on hypothetical future awards.

Because it is not clear if the claimants wish to proceed with the disbursement agreement in the absence of an order stating the disbursement is on a *pro tanto* basis, the motion will be denied without prejudice. If the claimants wish to proceed with the agreement, they should advise the court.

### III.  Unopposed Motions

There are various unopposed motions that the court will address. First, the MTA has filed a motion to dismiss, stating that it does not seek any money from AmGUARD. (ECF 124). The motion has not been opposed, and MTA will be dismissed from this action. AmGUARD initially opposed Bowman's motion to vacate the order of default (ECF 118) but subsequently withdrew the opposition (ECF 147). Bowman's unopposed motion to vacate the order of default will be granted.

The Manions and Rice-Wilder filed motions for leave to file cross-claims (seeking to assert negligence claims against Alliance Trucking; Bowman; Cowan Systems, Inc.; and Cowan Systems,

LLC) and amended[14] motions for leave to file an amended complaint for joinder of third parties (seeking to assert negligence claims against Ben Strong Trucking; John Oliver Terry; Cowan Systems Transportation, LLC; and Cowan Logistic Systems, LLC[15]).[16]  (ECF 105, 108, 112, 116). AmGUARD filed an opposition, but stated at oral argument that it would withdraw the opposition if AmGUARD was dismissed.  Because the court will dismiss AmGUARD, and because no other party has opposed the motions, it appears that the motions for leave to file cross-claims and the amended motions for leave to file an amended complaint for joinder of third parties are unopposed. Therefore, for present purposes, the court will grant the motions.  If necessary, the court will examine the propriety of the claims at a future time.[17]

Cowan Systems filed a motion to consolidate this case with Ortiz's individual liability action (No. CCB 18-3230), (ECF 126), and it appears that no party objects.  (ECF 129, Status Report, ¶ 8). Therefore, the motion to consolidate will be granted.

## CONCLUSION

For the reasons stated above, the motion to dismiss AmGUARD will be granted; the motion to enforce disbursement will be denied without prejudice; the motion to seal will be denied; the motion to dismiss MTA will be granted; Bowman's motion to vacate the order of default will be granted; the motions for leave to file cross-claims and the amended motions for leave to file an

---

[14] The motions for leave to file a third party complaint (ECF 106, 107) will be denied as moot, as they were amended by ECF 112 and ECF 116.

[15] It is not clear what relation "Cowan Logistic Systems" has to the other Cowan entities.

[16] The Manions also seek to assert a wrongful death claim, as well as a claim labeled "Paul Michael Manion and Angela Cheryl Manion, as Co-Personal Representatives of the Estate of M.M."

[17] With regards to jurisdiction over the claims, AmGUARD brought this case under statutory interpleader, 28 U.S.C. § 1335, and Federal Rule of Civil Procedure 22.  It is not clear why AmGUARD specified Rule 22, as "[r]ule [22] interpleader is merely a procedural device, and does not confer federal jurisdiction over a claim." *Selective Ins. Co. of Am. v. Norris*, 209 F. Supp. 2d 580, 582 (E.D.N.C. 2002).  To the extent it was meant to indicate another basis for jurisdiction, it appears there is complete diversity between AmGUARD and the other parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The court notes that *Allstate Ins. Co. v. McNeill*, 382 F.2d 84 (4th Cir.1967) addressed permissible cross-claims in a statutory interpleader action, and that rule interpleader cases may allow for a broader set of cross-claims.  *See Sayer Bros. v. St. Paul Fire & Marine Ins. Co.*, 150 F. Supp. 2d 907, 917 (S.D.W. Va. 2001) (noting differences in allowable cross-claims in statutory and rule interpleader actions).

amended complaint for joinder will be granted; the motions for leave to file a third party complaint will be denied as moot; and the motion to consolidate will be granted. Because AmGUARD will be dismissed, the parties also will be realigned. A separate order follows.

    <u>  7/14/20  </u>                                            <u>    /S/    </u>
         Date                                            Catherine C. Blake
                                                 United States District Judge